FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 27, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PHILLIP HARRIS, JR.,<br><br>Defendant. | 2:24-PO-0010-JAG-1<br><br>ORDER REDUCING CONTEMPT SANCTION<br><br>**USMS ACTION REQUIRED** |

Pending before the Court is Defendant's Motion for Reconsideration of Contempt Finding and Duration of Sanction. ECF No. 28. Defendant asks that the Court retract the finding of contempt, arguing that Defendant lacks the capacity to meet the intent element. In the alternative, Defendant asks that the Court reduce the sanction due to mitigating circumstances. The Government responded requesting that the Court not retract the contempt finding. ECF No. 29. The Government deferred to the Court regarding the appropriate duration of the contempt sanction. *Id*. Upon review of the briefing, and in consideration of the events precipitating the contempt order, the Court denies Defendant's request to retract the finding of contempt and grants Defendant's motion to reduce the sanction.

**I.     MOTION TO RETRACT FINDING OF CONTEMPT**

As discussed in the Court's Order of Contempt, Fed. R. Crim P. 42(b) requires that Defendant's misbehavior "obstructed the administration of justice" and that the court must personally witness the entirety of the basis for the finding of contempt. "Where misconduct occurs in open court, the affront to the court's

ORDER REDUCING CONTEMPT SANCTION – 1

dignity is more widely observed, justifying summary vindication." *Pounders v. Watson*, 521 U.S. 982, 988, 117 S. Ct. 2359, 2362 (1997). Though reviewed for abuse of discretion, the Ninth Circuit acknowledged that "the trial court is in the best position to judge whether there exists a need for immediate penal vindication of the dignity and authority of the court." *In re Gustafson*, 650 F.2d 1017, 1023 (9th Cir. 1981). Summary contempt gives judges the limited power "to punish conduct that threaten[s] to disrupt the court's ongoing proceedings." *Pounders v. Watson*, 521 U.S. 982, 992 (1997).

Defendant asks the Court to adopt the elements of criminal contempt pursuant to 18 U.S.C. § 401(1), incorporating a *mens rea* requirement. The Court's contempt finding arose from the authority found in 28 U.S.C. §636(e) pursuant to the summary contempt described in Fed. R. Crim P. 42(b). In cases addressing summary contempt where diminished capacity invalided a summary contempt finding, the presiding judge failed to account for mental health issues already known to the judge based on the history of the case. See *e.g.*, *United States v. Flynt*, 756 F.2d 1352 (9th Cir. 1985), amended, 764 F.2d 675 (9th Cir. 1985). In the situation presented with this case, the only information available to the Court was presented at trial, in the Government's Sentencing Memorandum, and in character reference letters Defendant had submitted. Defendant's ongoing disruptive behavior rendered any evidentiary inquiry into Defendant's mental state impossible. The Court exercised summary contempt for the exact purposes laid out by the rule and case law.

Further, the Court finds that Defendant intended to disrupt proceedings with his outbursts and actively sought to prevent the administration of justice. Defendant repeatedly made plain he did not agree with the Government's presentation and intended his outburst to prevent the Government from completing its presentation. Even considered in light of the diagnoses discussed in

ORDER REDUCING CONTEMPT SANCTION – 2

Defendant's briefing, as well as possible effects from insomnia, the Court finds that Defendant had sufficient mental capacity to be aware of his actions and how they affected administration of justice. At prior hearings and during trial Defendant repeatedly demonstrated his ability to follow the rules of courtroom decorum. He went to the podium and sat when he was directed to, addressed the Court in an appropriate manner (and without slurs or profanity), and allowed others, including the Government, Court, and witnesses, to speak without interruption. He consistently comported himself appropriately throughout the pre-trial and trial phases of his case. His actions at the sentencing hearing broke with his past behavior and demonstrated a willful choice to disrupt the proceedings.

## II.   MOTION TO REDUCE SANCTION

Defendant argues that mitigating factors such as his age, health issues (many of which require daily medication), and mental health struggles all support a reduction in the 7-day jail sanction imposed by the Court. The Court disagrees and notes that all of the bases for mitigation raised by Defendant now were also potential defenses at trial, yet no such defenses were raised at trial or offered in mitigation ahead of the sentencing hearing. Only now, when Defendant is directly—rather than hypothetically—experiencing a meaningful consequence for his actions, are such defenses and mitigation arguments raised.

Nonetheless, the Court will still reduce the contempt sanction from seven to five days with the hope that Defendant will now comport himself appropriately when he next appears in court. Defendant is fully capable of conducting himself appropriately during these proceedings and it is solely his responsibility to do so.

Accordingly, **IT IS ORDERED**:

1. Defendant's Motion for Reconsideration of Contempt Finding and Duration of Sanction, **ECF No. 28**, is **GRANTED in part, DENIED in part**. The finding of contempt remains, but Defendant's sanction is reduced.

ORDER REDUCING CONTEMPT SANCTION – 3

    2.    Defendant shall be released from custody on **Saturday, September 28, 2024, at 9:00 a.m**.

    3.    Any appeal of this contempt order shall be made to the district court pursuant to 28 U.S.C. § 636(e)(7).

The District Court Executive shall file this Order and provide copies to counsel and the United States Marshal Service—Action Required.

DATED September 27, 2024.



_____
JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE

ORDER REDUCING CONTEMPT SANCTION – 4